RENDERED: MARCH 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2016-CA-0372-MR

DARWIN SELECT INSURANCE
COMPANY N/K/A ALLIED WORLD
SURPLUS LINES INSURANCE
COMPANY                                                          APPELLANT


ON REMAND FROM SUPREME COURT OF KENTUCKY
NO. 2020-SC-0260-DG


                        APPEAL FROM BOYD CIRCUIT COURT
v.              HONORABLE C. DAVID HAGERMAN, JUDGE
                        ACTION NO. 15-CI-00070


ASHLAND HOSPITAL
CORPORATION D/B/A KING'S
DAUGHTERS MEDICAL CENTER;
JOHN VAN DEREN, III, M.D.;
KENTUCKY HEART INSTITUTE,
INC.; MATTHEW SHOTWELL, M.D.;
RICHARD E. PAULUS, M.D.; AND
SRIHARSHA VELURY, M.D.                                          APPELLEES


AND

NO. 2016-CA-0396-MR


HOMELAND INSURANCE
COMPANY OF NEW YORK                                    APPELLANT



ON REMAND FROM SUPREME COURT OF KENTUCKY
NO. 2020-SC-0260-DG



                        APPEAL FROM BOYD CIRCUIT COURT
v.              HONORABLE C. DAVID HAGERMAN, JUDGE
                        ACTION NO. 15-CI-00070



ASHLAND HOSPITAL
CORPORATION D/B/A KING'S
DAUGHTERS MEDICAL CENTER;
JOHN VAN DEREN, III, M.D.;
KENTUCKY HEART INSTITUTE,
INC.; MATTHEW SHOTWELL, M.D.;
RICHARD E. PAULUS, M.D.; AND
SRIHARSHA VELURY, M.D.                                    APPELLEES



OPINION
AFFIRMING AND
REMANDING WITH DIRECTIONS

** ** ** ** **

BEFORE:  CALDWELL, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  This case is before the Court of Appeals on remand from the

Kentucky Supreme Court by Opinion rendered October 20, 2022, and made final

by Order Denying Petitions for Rehearing on February 16, 2023.  The Supreme

-2-

Court reversed and remanded the case to the Court of Appeals, directing this Court to address the issues raised by Darwin Select Insurance Co., n/k/a Allied World Surplus Lines Co. (Allied) and Homeland Insurance Company of New York (Homeland), regarding the application of Policy Exclusions 10 and 16 asserted by the insurers under their respective policies to deny insurance coverage to appellees (collectively referred to as KDMC), which were rejected by the trial court below as insufficient defenses. This Court did not address Exclusions 10 and 16 in its earlier opinion rendered on February 14, 2020, as this Court reversed the trial court based upon the application of Exclusion 15, which the Supreme Court has concluded was in error.[1] In accordance with the Supreme Court mandate, our review proceeds accordingly as to whether Exclusions 10 and 16 preclude insurance coverage for KDMC under the respective policies. For the reasons stated, we affirm and remand with directions.

## BACKGROUND

We will not restate in detail all of the underlying facts to this appeal as the Supreme Court has carefully surmised the relevant facts in its Opinion which are binding upon our review of Exclusions 10 and 16. *See Ashland Hosp. Corp., v. Darwin Select Ins. Co.*, 664 S.W.3d 509, 512-15 (Ky. 2022). However, for

---

[1] Judge Joy Kramer was Presiding Judge of the original Opinion rendered by this Court on February 14, 2020. Judge Kramer retired on September 1, 2021. On remand, a new panel has been assigned this case with Judge Jeff S. Taylor presiding.

purposes of examining the applicable exclusions, we will restate those facts necessary to facilitate our review.

KDMC obtained professional liability insurance from Allied for various policy periods, with the policy period of 2012-13 being relevant to the issues on appeal. Homeland issued KDMC an excess liability policy for the same period of coverage. The exclusions in these policies are identical. In 2013, KDMC received letters from attorneys representing over 600 individuals with potential claims against KDMC regarding alleged unnecessary cardiac operations and procedures performed on patients at KDMC by KDMC physicians, as well as a lack of informed consent from these patients for the operations and procedures. The legal notices directed KDMC to put its insurance carriers on notice of the patients' claims, which it did.

The central theme in all of the individual patient complaints looked to medical malpractice. However, the genesis of these claims was an investigation of KDMC by the United States Department of Justice (DOJ) in 2011 for alleged health care offenses under applicable federal laws. Central to the investigation was the alleged conduct of unnecessary cardiac operations and procedures performed

by KDMC and its physicians which resulted in alleged overbilling and defrauding various federal programs like Medicare and Medicaid.[2]

In late 2013, and 2014, several lawsuits were filed in Boyd Circuit Court against KDMC, for over 600 patient/plaintiffs. The pool of plaintiffs was subsequently reduced to 127 claimants. To manage this massive litigation, a central case styled *In re: Cardiac Litigation*, No. 2014-CA-09999 (the Cardiac Cases) was initiated, using a "bellwether format" to organize and manage discovery and coordinate litigation in all of the cases in an orderly fashion.

In May of 2014, KDMC entered into a settlement agreement with the DOJ which required the payment by KDMC of approximately $40.9 million to resolve the government's claims. KDMC did not admit liability to the government for its various claims nor did KDMC acknowledge liability to individual patients who had undergone cardiac operations or procedures during 2006-2011.

On February 3, 2015, KDMC initiated this declaration of rights lawsuit in the Boyd Circuit Court against Allied and Homeland, seeking a declaration that the insurers were obligated to defend and indemnify KDMC in the Cardiac Cases for the 2012-2013 policy period. The primary issue that arose in

---

[2] Specifically, the DOJ (United States Department of Justice) asserted that Ashland Hospital Corporation d/b/a King's Daughters Medical Center, John Van Deren, III, Kentucky Heart Institute, Inc., Matthew Shotwell, Richard E. Paulus, and Sriharsha Veluury (collectively referred to as KDMC), performed unnecessary cardiac catheterizations and coronary stents on patients to overbill Medicare and Medicaid programs, dating from January 1, 2006, through December 31, 2011.

this litigation was whether Policy Exclusions 10, 15, and 16 precluded insurance

coverage for KDMC in the Cardiac Cases by the insurers.  Subsequently, all of the

parties filed motions for summary judgment.  By Order and Judgment entered

November 13, 2015, the circuit court ruled in favor of KDMC, holding that none of

the exclusions were applicable or otherwise excused the insurers from their duty to

defend KDMC in the Cardiac Cases.  As concerns Exclusion 10 and alleged willful

misconduct by KDMC, the circuit court did not reach the issue of whether the

insurers must indemnify KDMC for any judgment or settlements "because the facts

have not yet been determined."  Order and Judgment at 5.  Our review follows.

## STANDARD OF REVIEW

As noted, the circuit court granted a summary judgment to KDMC in

the declaratory action below.  The Supreme Court, in its opinion, detailed our

standard of review for summary judgments as follows:

> Summary judgment should only be granted when
> "there is no genuine issue as to any material fact and that
> the moving party is entitled to a judgment as a matter of
> law." Kentucky Rules of Civil Procedure (CR) 56.03.
> "[T]he proper function of summary judgment is to
> terminate litigation when, as a matter of law, it appears
> that it would be impossible for the respondent to produce
> evidence at the trial warranting a judgment in his favor."
> *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d
> 476, 480 (Ky. 1991).  "Because summary judgment does
> not require findings of fact but only an examination of
> the record to determine whether material issues of fact
> exist, we generally review of summary judgment without
> deference to either the trial court's assessment of the

record or its legal conclusions." *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010). Our review therefore is *de novo*. *Id.*

> "*De novo* review extends to the trial court's interpretation of the insurance contract as a matter of law." *Thomas v. State Farm Fire & Cas. Co.*, 626 S.W.3d 504, 506 (Ky. 2021). "Additionally, we adhere to our long[-]held standard that when we interpret insurance contracts, perceived ambiguities and uncertainties in the policy terms are generally resolved in favor of the insured." *Id.* at 506-07. This rule of construction favoring coverage, however, "does not interfere with the rule that the policy must receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract." *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 226 (Ky. 1994). Nonetheless, "[a]s long as coverage is available under a reasonable interpretation of an ambiguous clause, the insurer should not escape liability, and the exclusionary provision addressed herein may be subject to more than one good faith interpretation." *Id.* at 227. An ambiguity may exist either on the face of the contract, i.e., from the nature of the language itself, or "when a provision is applied to a particular claim." *Id.* The latter is a latent ambiguity that arises when the contractual terms "are brought in contact with the collateral facts." *Carroll v. Cave Hill Cemetery Co.*, 189 S.W. 186, 190 (Ky. 1916). "When analyzing challenged terms for clarity we note that the terms of insurance contracts have no technical legal meanings and must be reasonably interpreted as they would be understood by a lay reader." *Thomas*, 626 S.W.3d at 507.

*Ashland Hosp. v. Darwin Select Ins. Co.*, 664 S.W.3d 509, 515-16 (Ky. 2022).

# EXCLUSIONS 10 AND 16

As mandated by the Supreme Court, our review is limited to the application of Exclusions 10 and 16 and whether the circuit court erred in concluding that those exclusions did not preclude coverage under Allied's and Homeland's policies as concerns the claims in the Cardiac Cases. The exclusions are set out in paragraph III.D. of the respective policies as follows:

> D.  This policy shall not apply to any **Claim** based on, arising out of, directly or indirectly, resulting from, in consequence of, or in any way involving:
>
> . . . .
>
> 10. any willful misconduct or dishonest, fraudulent, or malicious act, error or omission by any **Insured**; any willful violation by any **Insured** of any law, statute, ordinance, rule or regulation; any **Insured** gaining any profit, remuneration or advantage to which such Insured was not legally entitled; or any alleged criminal conduct by an **Insured**.  For purposes of this Exclusion, no act, error or omission of any **Insured** shall be imputed to any other **Insured**;
>
> . . . .
>
> 16. any administrative, disciplinary, licensing or regulatory **Claim** asserted by or on behalf of a government entity.  This specifically includes, but is not limited to, any **Claim** arising out of or based on the alleged misuse or improper release of confidential, private or proprietary information, or any actual or alleged act, error or omission in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and any

> regulations promulgated in connection therewith,
> including but not limited to the Privacy Rule and
> the Security Rule[.]

Allied World Policy at 13, 15, and 17 (and as following form from Homeland

Excess Policy).

## ANALYSIS

(i)    EXCLUSION 10 –

Darwin and Homeland argue that Exclusion 10 precludes any

coverage for the Cardiac Cases as a result of KDMC's alleged willful misconduct,

fraudulent acts, and illegal profiting from the performance of unnecessary cardiac

operations and procedures during the period in question.  The circuit court ruled on

this issue as follows:

> 7.    The insurers also argue that they have no duty to
> defend or indemnify because the cardiac lawsuits allege
> fraud and fall squarely within Exclusion 10 for willful
> misconduct.  If the only claims asserted in those cases
> were for performing unnecessary procedures for
> improper financial gain the insurers would be correct.
> However, the Plaintiffs in the underlying cases also
> allege a variety of other causes which sound in
> negligence.  Since we cannot prophesy what the trier of
> fact would find after hearing the proof we cannot know if
> the exclusion for willful misconduct applies until the
> facts have been established.  Thus, the fact that the
> negligence claims have been asserted triggers the insurers
> duty to defend KDMC and the insured physicians.

Order and Judgment at 4.

As the circuit court aptly points out, which is supported by the record below, the complaints filed in the Cardiac Cases clearly assert claims for alleged medical negligence by KDMC and its physicians. The complaints also assert claims for fraud and unlawful conduct by KDMC and its physicians. We agree with the circuit court's analysis that as concerns the insurers' duty to defend KDMC and its physicians in the Cardiac Cases, coverage was properly triggered under the policies and was not precluded by Exclusion 10.

However, we emphasize that our ruling on this Exclusion is limited to that of the circuit court's ruling – only on the duty to defend under the policies. The allegations of medical negligence and the insured's duty to defend are clearly covered by both policies. As concerns Exclusion 10, the circuit court did not address the insurers' liability for payment or indemnification of any claims asserted in the Cardiac Cases against KDMC as the facts of each individual case had not been established. The Cardiac Cases are not before this Court. Based on our review of the record, the circuit court has not addressed whether the specific provisions of Exclusion 10 as concerns willful misconduct or fraudulent conduct by KDMC precipitated claims by patients for unnecessary cardiac operations or procedures. Certainly, legitimate claims for medical malpractice by those patients receiving necessary cardiac care at KDMC would be covered claims under the policies. Those individual claims have not been addressed below and this Court is

-10-

not a fact-finder, but rather a court of review. For this reason, we must both affirm the court's ruling regarding Exclusion 10 and remand for further proceedings below.

Accordingly, on remand, the circuit court will have to address the facts of the Cardiac Cases on a case-by-case basis to determine if the provisions of Exclusion 10 apply to preclude payment or indemnification to KDMC for any claims arising therefrom.[3]

(ii) EXCLUSION 16 –

This exclusion specifically states that a claim is excluded for coverage that arises out of results from, or is in any way involved with any administrative, disciplinary, licensing or regulatory claim asserted by or on behalf of a government entity. The circuit court addressed the exclusion as follows:

> 6. Exclusion 16 in the Darwin policy, which relates to government claims, is also inapplicable. That exclusion relates to administrative, disciplinary, licensing or regulatory claims by or on behalf of a government entity. The cardiac lawsuits are brought by private citizens seeking damages from KDMC and the physicians. The cardiac lawsuits having nothing to do with any claims by a government entity.

---

[3] At oral argument, the parties acknowledged that all of the Cardiac Cases had been settled. While these settlements are not part of the record on appeal, this Court takes judicial notice of those settlements in the Boyd Circuit Court in Civil Action Nos. 14-CI-0812, 14-CI-9999, and 17-CA-0341. Whether or how those settlements affect the insurance issues raised in this appeal are not before this Court on appeal. Those issues will have to be addressed by the circuit court on remand.

Order and Judgment at 3-4.

Based on our review of the record, we agree that Exclusion 16 is not relevant to the claims asserted by patient/plaintiffs in the Cardiac Cases. The insurers argue that since the DOJ investigation uncovered the alleged unnecessary cardiac operations and procedures, the individual patient litigation asserting actual claims for negligence is explicitly covered by the exclusion. We disagree.

Asserting claims for personal injuries by individual plaintiffs is not the same as the government asserting a claim for the overbilling of unnecessary medical procedures under applicable federal law. There is no evidence in the record that the DOJ's investigation actually examined the purported injuries suffered by individual patients/plaintiffs as a result of the alleged unnecessary medical procedures performed by KDMC and its physicians. And, the government is not a party to the Cardiac Cases. Similarly, there is no reference to the individual patient claims in the settlement between the DOJ and KDMC. In other words, there is no direct nexus between the individual patient claims for negligence and the DOJ investigation, which was focused on the overbilling of the government for the medical procedures performed. The claims were triggered by alleged unnecessary medical procedures, not a government investigation. Simply put, the record on appeal is not sufficient for this Court to determine whether the medical procedures performed below were necessary or not as concerns each

individual patient. The insurers' argument on this issue is better suited under Exclusion 10, as alleged willful misconduct or violation of applicable laws. Therein, the duty to defend under the policy has been established, but the insurers' liability for payment or indemnification of actual claims must be addressed on a case-by-case basis by the circuit court on remand.

## CONCLUSION

For the reasons stated, under Exclusion 10, we affirm the circuit court's finding of the insurer's duty to defend the Cardiac Cases and any other related case under the policies issued by Allied and Homeland for the policy period 2012-2013. On remand, the circuit court is directed to conduct an evidentiary hearing in the Cardiac Cases to establish on a case by case whether Exclusion 10 precludes the payment or indemnification of any claims arising from the Cardiac Cases. The Court further affirms the circuit court's ruling that Exclusion 16 is not applicable to the facts of this case.

For the reasons stated, we affirm the Boyd Circuit Court's November 13, 2015, Order and Judgment as to Appeal Nos. 2016-CA-0372-MR and 2016-CA-0396-MR, and remand for proceedings consistent with the directions set out in this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT,
DARWIN SELECT INSURANCE
COMPANY, NOW KNOWN AS
ALLIED WORLD SURPLUS LINES
INSURANCE COMPANY:

Ernest H. Jones, II
Jamie Wilhite Dittert
Lexington, Kentucky

Jonathan D. Hacker
Washington, D.C.

Jeffrey Michael Cohen
Miami, Florida

ORAL ARGUMENT:

Jonathan Hacker
Lexington, Kentucky

BRIEFS FOR APPELLANT,
HOMELAND INSURANCE
COMPANY OF NEW YORK:

D.C. Offutt, Jr.
Matthew L. Mains
Anne Liles O'Hare
Huntington, West Virginia

Charles E. Spevacek
Tiffany M. Brown
Minneapolis, Minnesota

ORAL ARGUMENT :

Charles E. Spevack
Minneapolis, Minnesota

BRIEFS FOR APPELLEES:

Perry M. Bentley
Todd S. Page
Lexington, Kentucky

ORAL ARGUMENT:

Perry M. Bentley
Lexington, Kentucky